**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **KELLY DON LEDFORD,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | )   CIV-05-1241-R |
| | ) |
| **JUSTIN JONES, et al.,** | ) |
| | ) |
| **Respondents.** | ) |

## O R D E R

Before the Court is the Report and Recommendation of United States Magistrate Judge Doyle W. Argo entered January 9, 2006. The Magistrate Judge recommended that Respondent's motion to dismiss the petition for a writ of habeas corpus herein on the ground that the petition contains an unexhausted claim be granted unless Petitioner amends his petition to present only unexhausted claims. Petitioner filed an Objection to the Magistrate Judge's Report and Recommendation on January 18, 2006. Petitioner does not dispute that his petition is a "mixed petition" or that the claim asserted in ground one is unexhausted. However, he requests that the Court stay rather than dismiss this action pending the Oklahoma Court of Criminal Appeals' disposition of his appeal in his second application for post-conviction relief, which Petitioner suggests should occur fairly soon. Petitioner asserts that dismissal herein will only serve to require him to again bear the costs and expenses of refiling. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's Objection and request for a stay.

In a footnote, the Magistrate Judge considered a third option for disposition of a mixed petition applicable in some cases. *See* Report and Recommendation at p. 8 n. 8, citing *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535, 161 L.Ed.2d 440 (2005). The Magistrate Judge concluded that because of the significant amount of time remaining in the limitations period, after tolling, the stay-and-abeyance procedure would not be appropriate in this case.

The Supreme Court has held that even if a petitioner had good cause for a failure to exhaust his claims first in state court, "the court would abuse its discretion if it were to grant him a stay when his unexhausted claims are meritless." *Rhines v. Weber*, 544 U.S. at __, 125 S.Ct. at ___, 161 L.Ed.2d at 451. Petitioner's unexhausted claim is most likely meritless. Even though Petitioner maintains that his Fourth Amendment claim based upon a search of his automobile and seizure of evidence without a warrant or consent is based upon the newly discovered evidence of a newspaper photograph, evidence seized was introduced at trial. "[W]here the State has provided an *opportunity* for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067, 1088 (1976) (emphasis added). Petitioner does not allege that the State did not provide him an opportunity to file a motion to suppress evidence obtained from a search of his automobile without a warrant or consent and to litigate the Fourth Amendment claim and there is no reason to presume that Petitioner did not have that opportunity. In any event, however, even if Petitioner has good cause for his failure to exhaust and his unexhausted claim is potentially

meritorious, the amount of time remaining of the one-year limitations period following the Oklahoma Court of Criminal Appeals' disposition of Petitioner's appeal from the denial of his second application for post-conviction relief makes stay and abeyance unnecessary and inappropriate.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 herein is DISMISSED without prejudice to refiling. However, Petitioner is granted leave to amend his petition herein by deleting his unexhausted claim within twenty (20) days of the date of this Order.

**It is so ordered this 24th day of January, 2006.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE